**Gary Paul PIERRON et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44448.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Rehearing Denied Feb. 23, 1972.

Phillip Bordages, Beaumont, for appellants.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from jury convictions of possession of narcotic paraphernalia. Punishment was assessed by the Court at three years probated for all appellants except Gary P. Pierron, whose punishment was set at five years probated.

The record reflects that officers positioned themselves at a vantage point just behind and below the top of a levee, some fifty feet from where appellants were standing, in a circle, smoking a pipe which they were passing from one to another and that all of the appellants put the pipe in their mouths. Officer Cuccia, of the Port Arthur Police Department, testified one of the appellants, Higgs, moved toward him, took the pipe and stuck it inside a bag, "plastic baggies and, I believe there were two baggies—I am pretty sure there was —and there was some tin foil—and he wrapped this pipe in the baggies and tin foil—and there was a brown paper bag— and it went into the bag, and he stuck it under a rock." These objects were recovered by the officers. Chemist McClain, of the Beaumont Police Department, testified he found a small amount of marihuana in the plastic bag, fifteen or twenty milligrams; that there was no marihuana in the bowl of the pipe, but he found a small amount of marihuana in the pipe stem.

Appellants contend the prosecuting attorney committed reversible error, in his summation, when he attacked the credibility of appellants by asking the jury, "Who's got the most to lose? Sergeant Cuccia or these five defendants?"

The appellants argued to the jury, "You are entitled to take into consideration whether the officers are biased, or whether they have an interest in the outcome of the case, and how you vote, and it may seem as if the officers would have no motive for testifying in a certain way, but you know that they have an interest in the outcome of the case. You know that they want their judgment upheld. They want to be thought of in their profession as being a successful detective, or a detective who can seek out crime and get the people convicted by doing that." The portion of the State's closing argument about which appellants complain is not improper. It is a logical reply to appellants' argument.

Appellants' only other contention is, "The trial court erred in rendering judgment against the appellants, because the same is contrary to the evidence, in this case, and violates the rights of appellants to a fair trial and due process of law as guaranteed by the Constitution of the State of Texas and of the United States.

Appellants' Informal Bill of Exception under this ground consists of the entire Record on Appeal."

A review of the evidence in this case, the cogent portion of which has heretofore been set out in this Opinion, is ample to sustain the conviction. Appellants failed to point out how the judgment violates the rights of appellants to a fair trial and due process of law as guaranteed by the Constitution of the State of Texas and of the United States and presents nothing for review under Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

The judgments are affirmed.

Opinion approved by the Court.